UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WAYNE RUBEN RUSSO,<br><br>        Petitioner,<br><br>  v.<br><br>ROBERT AMBROSELLI,<br><br>        Respondent. | 1:12-cv—01160-SKO-HC<br><br>ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS WITHOUT PREJUDICE FOR FAILURE TO EXHAUST STATE COURT REMEDIES (DOC. 2)<br><br>ORDER DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY AND DIRECTING THE CLERK TO CLOSE THE CASE |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pursuant to 28 U.S.C. § 636(c)(1), Petitioner has consented to the jurisdiction of the United States Magistrate Judge to conduct all further proceedings in the case, including the entry of final judgment, by manifesting consent in a signed writing filed by Petitioner on September 10, 2012 (doc. 9). Pending before the Court is the Court's order, issued on August 2, 2012, to Petitioner to show cause why the petition should not be dismissed for failure to exhaust state court remedies.

    I.  <u>Dismissal of the Petition</u>

Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (Habeas Rules) requires the Court to make

1

a preliminary review of each petition for writ of habeas corpus. The Court must summarily dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court...." Habeas Rule 4; O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990); see also Hendricks v. Vasquez, 908 F.2d 490 (9th Cir. 1990). Habeas Rule 2(c) requires that a petition 1) specify all grounds of relief available to the Petitioner; 2) state the facts supporting each ground; and 3) state the relief requested. Notice pleading is not sufficient; the petition must state facts that point to a real possibility of constitutional error. Rule 4, Advisory Committee Notes, 1976 Adoption; O'Bremski v. Maass, 915 F.2d at 420 (quoting Blackledge v. Allison, 431 U.S. 63, 75 n. 7 (1977)). Allegations in a petition that are vague, conclusory, or palpably incredible are subject to summary dismissal. Hendricks v. Vasquez, 908 F.2d at 491.

Further, the Court may dismiss a petition for writ of habeas corpus either on its own motion under Habeas Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. Advisory Committee Notes to Habeas Rule 8, 1976 Adoption; see, Herbst v. Cook, 260 F.3d 1039, 1042-43 (9th Cir. 2001).

II. Background

Petitioner's petition was filed on July 11, 2012, and transferred to this division of this Court on July 16, 2012. In the petition, Petitioner complains of ineffective assistance of counsel; the trial court's first advising him that his charge of violating Cal. Pen. Code § 236 was not a "strike," followed by

its advising him that the particular charge was a "strike" at the time of sentencing; and the prosecution's withholding of an allegedly exculpatory, taped interview of the victim with the police in violation of its duty of disclosure.  (Pet., doc. 2, 5-7.)

In the petition, Petitioner does not indicate that he sought review of the decision in the state courts.  (Pet. 1-15.) Petitioner states that he filed an appeal from the judgment of conviction, which was apparently affirmed.  (Id. at 2.) Petitioner indicates that he did not seek review by a higher court.  (Id. at 3.)  Further, he does not indicate he sought writ relief in the California Supreme Court, and he states he did not appeal to the highest state court from the denial of a petition that was filed in a lower court.  (Id. at 3-5.)

A review of the official website of the California courts reflects no data with respect to any filing by Petitioner in the California Supreme Court.[1]  Additionally, Petitioner did not respond to the order to show cause, which was served by mail on Petitioner on August 2, 2012.

III.   Exhaustion of State Court Remedies

A petitioner who is in state custody and wishes to challenge collaterally a conviction by a petition for writ of habeas corpus must exhaust state judicial remedies.  28 U.S.C. § 2254(b)(1).

---

[1] The Court may take judicial notice of facts that are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned, including undisputed information posted on official websites.  Fed. R. Evid. 201(b); United States v. Bernal-Obeso, 989 F.2d 331, 333 (9th Cir. 1993); Daniels-Hall v. National Education Association, 629 F.3d 992, 999 (9th Cir. 2010).  It is appropriate to take judicial notice of the docket sheet of a California court.  White v Martel, 601 F.3d 882, 885 (9th Cir. 2010), cert. denied, 131 S.Ct. 332 (2010).  The address of the official website of the California state courts is www.courts.ca.gov.

3

The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations. Coleman v. Thompson, 501 U.S. 722, 731 (1991); Rose v. Lundy, 455 U.S. 509, 518 (1982); Buffalo v. Sunn, 854 F.2d 1158, 1162-63 (9th Cir. 1988).

A petitioner can satisfy the exhaustion requirement by providing the highest state court with the necessary jurisdiction a full and fair opportunity to consider each claim before presenting it to the federal court, and demonstrating that no state remedy remains available. Picard v. Connor, 404 U.S. 270, 275-76 (1971); Johnson v. Zenon, 88 F.3d 828, 829 (9th Cir. 1996). A federal court will find that the highest state court was given a full and fair opportunity to hear a claim if the petitioner has presented the highest state court with the claim's factual and legal basis. Duncan v. Henry, 513 U.S. 364, 365 (1995) (legal basis); Kenney v. Tamayo-Reyes, 504 U.S. 1, 9-10 (1992), superceded by statute as stated in Williams v. Taylor, 529 U.S. 362 (2000) (factual basis).

Additionally, the petitioner must have specifically told the state court that he was raising a federal constitutional claim. Duncan, 513 U.S. at 365-66; Lyons v. Crawford, 232 F.3d 666, 669 (9th Cir. 2000), amended, 247 F.3d 904 (9th Cir. 2001); Hiivala v. Wood, 195 F.3d 1098, 1106 (9th Cir. 1999); Keating v. Hood, 133 F.3d 1240, 1241 (9th Cir. 1998). In Duncan, the United States Supreme Court reiterated the rule as follows:

> In Picard v. Connor, 404 U.S. 270, 275...(1971), we said that exhaustion of state remedies requires that petitioners "fairly presen[t]" federal claims to the

4

>state courts in order to give the State the "'opportunity to pass upon and correct' alleged violations of the prisoners' federal rights" (some internal quotation marks omitted). If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution. If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court.

Duncan, 513 U.S. at 365-366.  The Ninth Circuit examined the rule further in Lyons v. Crawford, 232 F.3d 666, 668-69 (9th Cir. 2000), as amended by Lyons v. Crawford, 247 F.3d 904, 904-05 (9th Cir. 2001), stating:

>Our rule is that a state prisoner has not "fairly presented" (and thus exhausted) his federal claims in state court unless he specifically indicated to that court that those claims were based on federal law. See, Shumway v. Payne, 223 F.3d 982, 987-88 (9th Cir. 2000). Since the Supreme Court's decision in Duncan, this court has held that the petitioner must make the federal basis of the claim explicit either by citing federal law or the decisions of federal courts, even if the federal basis is "self-evident," Gatlin v. Madding, 189 F.3d 882, 889 (9th Cir. 1999) (citing Anderson v. Harless, 459 U.S. 4, 7... (1982)), or the underlying claim would be decided under state law on the same considerations that would control resolution of the claim on federal grounds, see, e.g., Hiivala v. Wood, 195 F.3d 1098, 1106-07 (9th Cir. 1999); Johnson v. Zenon, 88 F.3d 828, 830-31 (9th Cir. 1996); Crotts, 73 F.3d at 865.
>...
>In Johnson, we explained that the petitioner must alert the state court to the fact that the relevant claim is a federal one without regard to how similar the state and federal standards for reviewing the claim may be or how obvious the violation of federal law is.

Lyons v. Crawford, 232 F.3d 666, 668-69 (9th Cir. 2000), as amended by Lyons v. Crawford, 247 F.3d 904, 904-05 (9th Cir. 2001).

///

5

1    Where none of a petitioner's claims has been presented to
2 the highest state court as required by the exhaustion doctrine,
3 the Court must dismiss the petition. Raspberry v. Garcia, 448
4 F.3d 1150, 1154 (9th Cir. 2006); Jiminez v. Rice, 276 F.3d 478,
5 481 (9th Cir. 2001). The authority of a court to hold a mixed
6 petition in abeyance pending exhaustion of the unexhausted claims
7 has not been extended to petitions that contain no exhausted
8 claims. Raspberry, 448 F.3d at 1154.
9    Although non-exhaustion of remedies has been viewed as an
10 affirmative defense, it is the petitioner's burden to prove that
11 state judicial remedies were properly exhausted. 28 U.S.C.
12 § 2254(b)(1)(A); Darr v. Burford, 339 U.S. 200, 218-19 (1950),
13 overruled in part on other grounds in Fay v. Noia, 372 U.S. 391
14 (1963); Cartwright v. Cupp, 650 F.2d 1103, 1104 (9th Cir. 1981).
15 If available state court remedies have not been exhausted as to
16 all claims, a district court must dismiss a petition. Rose v.
17 Lundy, 455 U.S. 509, 515-16 (1982).
18    Here, Petitioner did not establish exhaustion of state court
19 remedies in the petition. Although Petitioner was given an
20 opportunity to establish exhaustion in his response to the order
21 to show cause, Petitioner did not avail himself of the
22 opportunity to establish exhaustion. Finally, a search of the
23 official website of the California Supreme Court reflects no
24 information to establish that Petitioner presented his claims to
25 the California Supreme Court. It is, therefore, concluded that
26 Petitioner failed to meet his burden to establish exhaustion of
27 state court remedies.
28 ///

6

In the order to show cause, Petitioner was expressly warned that failure to respond to the order would result in dismissal of the petition.  Accordingly, the petition will be dismissed without prejudice[2] for failure to exhaust state court remedies.

IV.   Certificate of Appealability

Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the Court of Appeals from the final order in a habeas proceeding in which the detention complained of arises out of process issued by a state court.   28 U.S.C. § 2253(c)(1)(A); Miller-El v. Cockrell, 537 U.S. 322, 336 (2003).  A certificate of appealability may issue only if the applicant makes a substantial showing of the denial of a constitutional right.  § 2253(c)(2).   Under this standard, a petitioner must show that reasonable jurists could debate whether the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further.   Miller-El v. Cockrell, 537 U.S. at 336

---

[2] A dismissal for failure to exhaust is not a dismissal on the merits, and Petitioner will not be barred from returning to federal court after Petitioner exhausts available state remedies by the prohibition on filing second habeas petitions set forth in 28 U.S.C. § 2244(b). See, In re Turner, 101 F.3d 1323 (9th Cir. 1996).  However, the Supreme Court has held as follows:

> [I]n the habeas corpus context it would be appropriate for an order dismissing a mixed petition to instruct an applicant that upon his return to federal court he is to bring only exhausted claims. See Fed. Rules Civ. Proc. 41(a) and (b). Once the petitioner is made aware of the exhaustion requirement, no reason exists for him not to exhaust all potential claims before returning to federal court. The failure to comply with an order of the court is grounds for dismissal with prejudice. Fed. Rules Civ. Proc. 41(b).

Slack v. McDaniel, 529 U.S. 473, 489 (2000).

Therefore, Petitioner is forewarned that in the event he returns to federal court and files a mixed petition of exhausted and unexhausted claims, the petition may be dismissed with prejudice.

7

(quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)).  A certificate should issue if the Petitioner shows that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right or that jurists of reason would find it debatable whether the district court was correct in any procedural ruling.  Slack v. McDaniel, 529 U.S. 473, 483-84 (2000).

In determining this issue, a court conducts an overview of the claims in the habeas petition, generally assesses their merits, and determines whether the resolution was debatable among jurists of reason or wrong.  Id.  It is necessary for an applicant to show more than an absence of frivolity or the existence of mere good faith; however, it is not necessary for an applicant to show that the appeal will succeed.  Miller-El v. Cockrell, 537 U.S. at 338.

A district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.  Rule 11(a) of the Rules Governing Section 2254 Cases.

Here, it does not appear that reasonable jurists could debate whether the petition should have been resolved in a different manner.  Petitioner has not made a substantial showing of the denial of a constitutional right.  Therefore, The Court will decline to issue a certificate of appealability.

V.   Disposition

Accordingly, it is ORDERED that:

1) The petition for writ of habeas corpus is DISMISSED without prejudice for Petitioner's failure to exhaust state court remedies; and

8

2) The Court DECLINES to issue a certificate of appealability; and

3) The Clerk is DIRECTED to close the case.

IT IS SO ORDERED.

**Dated:    November 8, 2012**                    **/s/ Sheila K. Oberto**
UNITED STATES MAGISTRATE JUDGE